UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE HAWKINS, DARSEMIA JACKSON, and MERIJA WALLACE, individually and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SECURITAS SECURITY SERVICES USA INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) 09 C 3633 <br> ) <br> ) Judge Feinerman <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Stephanie Hawkins, Darsemia Jackson, and Merija Wallace allege in this action that their employer, Defendant Securitas Security Services USA, Inc. ("Securitas"), failed to compensate them in accord with federal and state wage laws. Securitas has moved to dismiss Wallace as a party plaintiff. The motion is granted.

This action was filed in late May 2009. Six months later, in late November 2009, Wallace and her husband filed a joint petition for bankruptcy under Chapter 7 of the Bankruptcy Code. In the section of the petition entitled "Statement of Financial Affairs," Wallace was required to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the commencement of this bankruptcy case." Doc. 84-1 at 31 (emphasis in original). Wallace did not list this lawsuit. On February 4, 2010, the bankruptcy trustee filed a No Asset Report, finding (based on Wallace's failure to list this lawsuit in her bankruptcy petition) that Wallace was not a plaintiff in any lawsuit and that she

had no other assets available for distribution to creditors.  On March 16, 2010, the bankruptcy court entered an order discharging Wallace's debts.

Securitas argues that the doctrine of judicial estoppel requires dismissal of Wallace's claims in this case.  "By making litigants choose one position irrevocably, the doctrine of judicial estoppel raises the cost of lying."  *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).  Invoking this principle, the Seventh Circuit has held that a Chapter 7 petitioner who fails to disclose a pending pre-petition claim is barred by judicial estoppel from later pursuing that claim because, in part, of the petitioner's inconsistent legal representations.  *Id*. at 448-49 (collecting cases).  Wallace's situation falls squarely within this rule.

Wallace offers two reasons why she should be excused from the rule's application.  First, she contends that the failure to list this lawsuit in her bankruptcy petition was an innocent mistake on her part and that her bankruptcy attorneys should have caught the error.  The Seventh Circuit, however, has held that a bankruptcy petitioner's inadvertence and lawyer error provide no excuse for false representations like the one in Wallace's petition:

> Whether the bankruptcy fraud was [a lawyer's] suggestion … or [the plaintiff's] own bright idea does not matter in the end.  The signature on the bankruptcy schedule is hers.  The representation she made is false; she obtained the benefit of a discharge; she has never tried to make the creditors whole; now she wants to contradict herself in order to win a second case.  Judicial estoppel blocks any attempt to realize on this claim for her personal benefit.

*Cannon-Stokes*, 453 F.3d at 449.  Therefore, even if Wallace made an innocent mistake and did not realize that she had to list this lawsuit in her bankruptcy petition, she is bound by her representations to the bankruptcy court.  *See Becker v. Verizon N., Inc.*, 2007 WL 1224039, at *1 (7th Cir. Apr. 25, 2007) ("Becker intimates that her failure to disclose this lawsuit in her sworn

financial statement was unintentional, but her subjective intent does not matter.") (citing *Cannon-Stokes*, 453 F.3d at 449).

Second, Wallace contends that she cured her original misstep by filing a petition to reopen her bankruptcy case and listing this lawsuit among the assets held by the trustee. This supposed cure is unavailing. Wallace sought to reopen her bankruptcy case *after* her debts had been discharged, in stark contrast to the situation posed in the case she cites, *Williams v. Republic Recovery Servs., Inc.*, 2010 WL 2195519, at *1-3 (N.D. Ill. May 27, 2010), where a debtor sought to correct her petition during an *ongoing* bankruptcy. *See also Sullivan v. Johnson*, 2011 WL 856591 (N.D. Ill. Mar. 8, 2011). Moreover, even though Wallace succeeded in reopening her bankruptcy case, she already had obtained the benefit of delay in her creditors reaching her assets, which itself warrants estoppel. *See Williams v. Hanje*, 375 Fed. Appx. 625, 627-28 (7th Cir. 2010) ("Williams's debts may not have been permanently wiped away, but a debtor who receives even preliminary benefits from concealing a chose in action from his creditors can still be estopped from pursuing the suit in the future. To hold otherwise would give debtors an incentive to game the bankruptcy system. Debtors could take a wait-and-see approach to disclosure by prosecuting an undisclosed claim while waiting to see how favorably the bankruptcy proceeding unfolds before discharge. That approach would undermine both the primary aim of judicial estoppel, which is to protect the integrity of the judicial process, and the bankruptcy law's goal of unearthing all assets for the benefit of creditors.") (citations omitted); *see also Barger v. City of Cartersville*, 348 F.3d 1289, 1294-97 (11th Cir. 2003) (judicial estoppel not avoided by plaintiff reopening bankruptcy case); *In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004) (same).

For these reasons, judicial estoppel bars Wallace from pursuing this action. Securitas's motion to dismiss is granted, and Wallace's claims are dismissed with prejudice and she is dismissed as a party plaintiff.

July 18, 2011                                _____
                                                  United States District Judge