**EXHIBIT F**

## DECLARATION OF JOAN EAGLE

I, Joan M. Eagle, hereby declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am an attorney licensed to practice in the State of Illinois.  I have practiced law for over 25 years, specializing in labor and employment law.  In addition to my legal practice, I currently serve as a Lawyer Commissioner for the Attorney Registration & Disciplinary Commission of the Supreme Court of Illinois.  I have personal knowledge of the matters declared herein and could competently testify thereto if called as a witness.

2.      During the time period 2003-2004, I was a partner in the labor and employment group of the law firm Michael Best & Friedrich LLP, in Chicago, Illinois.  As part of my practice, I had the opportunity to represent Securitas Security Services USA, Inc. ("Securitas") in a matter pending before the Illinois Department of Labor ("IDOL"), which the IDOL recorded as File Number 03-A00920.  I represented Securitas solely on its appeal of an initial, adverse determination by the IDOL in this matter.  The matter (03-A00920) involved an IDOL inquiry as to whether Securitas was obligated to compensate non-employee security guard applicants for a free, 20-hour pre-employment training class that Securitas was then providing.

3.      Attached as Exhibit A to this Declaration is a true and correct copy of a letter to the IDOL that I submitted on or about November 5, 2003, on Securitas' behalf.  In Exhibit A, I requested review of an initial "Notice of Noncompliance with Minimum Wage Law" that the IDOL had issued for File Number 03-A00920. The request for review was based on several points, including the following:  (a) the free training was provided by Securitas to persons who wished to obtain licenses from the State of Illinois to become security guards -- licenses that

were required under Illinois law; and (b) a similar claim against a related Securitas entity called Burns/Pinkerton Security brought in Normal, Illinois had recently been dismissed by the IDOL.

4.      In the request for review attached as Exhibit A, I further argued that Securitas was not required to compensate non-employee security guard applicants for the 20-hour pre-employment training course because: (a) the individuals were not employees at the time of taking the course; and (b) individuals could not be security guards in Illinois or employed by Securitas until they had taken the 20-hour course somewhere and had received their Illinois licenses. In other words, the course and license were required by Illinois law. In Exhibit A, I cited several federal court cases decided by courts applying the framework of the Fair Labor Standards Act. These cases hold that training that is a pre-condition of employment need not be compensated.

5.      In early 2004, I represented Securitas in a hearing before an IDOL Administrative Law Judge which addressed the request for review attached as Exhibit A. At the close of the hearing, the IDOL Administrative Law Judge vacated the "Notice of Noncompliance," holding that Securitas was not required to compensate non-employee security guard applicants for Securitas' 20-hour pre-employment training course. The Administrative Law Judge made this ruling orally. I do not recall whether I received a written notification or opinion from the IDOL as a result of this hearing; however, I do recall that the IDOL never took any action inconsistent with this ruling.

6.      In sum, I have previously represented Securitas in a wage and hour proceeding before the IDOL involving the unpaid nature of Securitas' 20-hour pre-employment training course, and have personal knowledge that the Illinois Department of Labor has upheld Securitas' practice of providing unpaid, pre-employment training on several occasions, one of which

involved direct representation by me, and the other of which involved the dismissal of a similar claim (IDOL File Number 02-000008531), which is referenced in Exhibit A hereto.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _Dec 14 2009_          By: _Joan M Eagle_
                 Date                          Joan M. Eagle

**EXHIBIT A**



**MICHAEL BEST**
**&FRIEDRICH**LLP
*Attorneys at Law*

www.mbf-law.com

**FILE COPY**

401 N. Michigan Avenue
Suite 1900
Chicago, Illinois 60611
Telephone (312) 222-0800
FAX (312) 222-0818
Author: Joan M. Eagle
Writer's Direct Line: (312) 222-6655
Email: jmeagle@mbf-law.com

Offices in:
Milwaukee, Wisconsin
Madison, Wisconsin
Manitowoc, Wisconsin
Waukesha, Wisconsin
Lehigh Valley, Pennsylvania

November 5, 2003

**VIA MESSENGER**

Illinois Department of Labor
State of Illinois Building
160 North LaSalle Street, Suite C-1300
Chicago, IL 60601-3150

Re:    **REQUEST FOR REVIEW OF INSPECTION RESULT**
       File Number: 03-A00920
       Employer: Securitas USA

To Whom It May Concern:

We represent Securitas Security Services USA, Inc. ("Securitas") with respect to the captioned "Notice of Noncompliance With Minimum Wage Law" (the "Notice") issued by IDOL Field Inspector Miriam Ramirez on October 20, 2003, and received by Securitas the following day. Kindly direct all future communications to my attention. This constitutes Securitas' Request for Review of the captioned inspection result.

Although the Notice does not provide any information regarding the basis for the determination that Securitas owes $103.00 to each person identified on the summary, which appears to be based on 20 hours at minimum wage, Securitas assumes that that figure is meant to compensate individuals for the 20-hour training class required by the State of Illinois for licensure that Securitas offers prospective employees free of charge. The determination is unwarranted under the law and the facts and should be vacated.

Field Inspector Ramirez seems to be unaware (1) that the free training program Securitas offers is for persons who wish to obtain licenses from the State of Illinois to be security guards, which is a requirement to be a security guard under Illinois law, and (2) that the IDOL recently dismissed a similar claim for attendance at the training required for licensure in the matter of Dean Struck and Burns/Pinkerton Security, Normal, Il., IDOL File Number 02-000008531 (ALJ Raymond Cyrus). The law and facts are as follows.

Securitas is in the business of providing armed and unarmed security services to buildings and entities in the State of Illinois. In order to qualify as a security guard, the State of Illinois requires that individuals complete a 20-hour training course and receive a license. (*See*



MICHAEL BEST
& FRIEDRICH LLP
*Attorneys at Law*

November 5, 2003
Page 2

225 ILCS 446/75 *et seq.*, entitled "Private Detective, Private Alarm, Private Security, and Locksmith Act of 1993," and 68 Ill. Adm. Code 1240.25 entitled "20-Hour Basic Training Course – Security Guards and Alarm Runners," enclosed herewith as Group Exhibit 1.) Many organizations provide this training to individuals for a fee (generally $125.00). After becoming licensed the individual can apply for a security guard position at any company in Illinois. In other words, *no one is qualified for employment at any security company in Illinois without having first obtained the required license.*

In an effort to recruit security officers, Securitas provides this training and certification to prospects *free of charge*, hoping they will choose to work for Securitas. However, there is no obligation for the applicants to become employed by Securitas after they complete the course; they can go anywhere they wish.

The first 16 hours of the 20-hour training course consists of a survey of basic security officer duties and responsibilities, including a range of topics relevant to the security industry that specifically follow the Illinois Department of Professional Regulation 20-hour training course. (See Group Exhibit 1.) *The course work does not focus on Securitas.* The final four hours of the course are spent "shadowing" a licensed security guard. This is strictly training, not work, but Securitas pays for this time for several reasons. First, because the person is wearing a Securitas uniform for these four hours (to fulfill customer expectations), there could be a perception or an appearance that the person is working. *Notwithstanding that, the time is spent strictly for training.* Securitas should not be penalized for adopting a policy that is extremely conservative (and unwarranted) from a wage-hour perspective. The payment are made, not because they are required by law, but instead to eliminate any questions that the guards are working without being compensated. Furthermore, Securitas pays for the four hours to incentivize the applicants to stay with the Securitas organization. This is done because the license is portable, and after the training is completed the person is under no obligation to stay with Securitas. At the completion of the training the person is free to use the license and go to work for any other security company. By paying for the last four of the 20 required hours, Securitas believes it has a better chance of keeping the person as a Securitas employee. *The reality is that the four hour payments are gratuitous and not required under Illinois law for payment of wages to persons for part of the time they spend in training.* Indeed, *employment with Securitas is contingent on the applicant's becoming licensed. No applicant performs any services for Securitas during the 20 hour training course described above, including for the four hours of shadowing training.*

Securitas is not required to compensate applicants for the 20-hour course described above for two simple reasons: (1) the individuals are not Securitas employees when they take the course; and (2) individuals *cannot* be security guards in Illinois or employees of Securitas until



MICHAEL BEST
&FRIEDRICH LLP
*Attorneys at Law*

November 5, 2003
Page 3

they have taken the course *somewhere* and received their Illinois licenses.[1]  *See Chao v. Tradesmen Int'l Inc.*, 310 F.3d 904 (6th Cir. 2002), wherein the Court held that candidates who could attend an OSHA safety training course sponsored by an instructional institution *or* the class offered by Tradesmen prior to qualifying for employment need not be compensated for attendance at the safety training course.  *See also Bienkowski v. Northeastern University*, 285 F.3d 138, 1441-42 (1st Cir. 2002), wherein the Court held, *inter alia*, that training which is not continuing education but is a pre-condition for employment need not be compensated.

Notwithstanding the fact that Securitas is not liable for payment of wages to applicants for any of the 20-hour licensure requirement, Ms. Ramirez assessed liability against Securitas for 20 hours at the minimum wage.  In fact, the four hours that Securitas gratuitously paid each applicant who became employed was paid at the then applicable starting rate under the collective bargaining agreement, which was $6.55/per hour effective January 1, 2002, and $6.95/per hour effective January 1, 2003.  Thus, although the IDOL's entire finding of liability is unwarranted, Securitas was not even credited with the gratuitous payments it made.

For all of the reasons stated herein, Securitas requests that the Illinois Department of Labor vacate in full the Notice of Noncompliance because Securitas did not violate the Minimum Wage Law and close this file.

Very truly yours,

MICHAEL BEST & FRIEDRICH LLP

Joan M. Eagle

JME:bns

cc:    Luke Hutsell
       Kathy Rasmussen
       Terry Brady
       Michael Pope
       J. Kevin Hennessy

S:\CLIENT\075202\0078\C0281356.1
11/05/03 3:24 PM

---

[1]  In addition, nothing in the collective bargaining agreement between Securitas and the Service Employees International Union Local 1 requires such payments; therefore, Securitas has no contractual obligation, as well as no statutory obligation, to pay employees for the pre-employment training course.