UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE HAWKINS and MERIJA WALLACE, individually and on behalf of those similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | 09 C 3633 |
| vs. | ) ) | Judge Feinerman |
| SECURITAS SECURITY SERVICES USA, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Stephanie Hawkins and Merija Wallace brought this suit against Securitas Security Services USA, Inc., alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* The complaint alleges that Plaintiffs performed three categories of off-the-clock work: (1) mandatory training and orientation; (2) pre- and post-shift work; and (3) uniform cleaning and maintenance. The FLSA claims are brought as individual claims. The court granted class certification for the IMWL training/orientation claim, but denied certification for the IMWL pre/post-shift work and uniform maintenance/cleaning claims. 280 F.R.D. 388 (N.D. Ill. 2011). Trial has been set for September 9, 2013. On the court's own motion, and pursuant to Federal Rule of Civil Procedure 42(b), trial on the training/orientation claim will be bifurcated from trial on the pre/post-shift work and uniform maintenance/cleaning claims.

"The ultimate decision to bifurcate under Rule 42(b) is at the [district] court's discretion and will be overturned only upon a clear showing of abuse." *Houseman v. U.S. Aviation*

*Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999); *see also Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000) (same); *McLaughlin v. State Farm Mut. Auto Ins. Co.*, 30 F.3d 861, 870 (7th Cir. 1994) (same). Although cases are most frequently bifurcated between liability and damages, "there is no rule that if a trial is bifurcated, it must be bifurcated between liability and damages. The judge can bifurcate (or for that matter trifurcate, or slice even more finely) a case at whatever point will minimize the overlap in evidence between the segmented phases or otherwise promote economy and accuracy in adjudication." *Hydrite Chem. Co. v. Calumet Lubricants Co.*, 47 F.3d 887, 891 (7th Cir. 1995). Bifurcation may be ordered only if three conditions are met: "First, the trial judge must determine whether separate trials would avoid prejudice to a party or promote judicial economy. Only one of these criteria—avoidance of prejudice or judicial economy—need be met before a court can order separation. Next, the court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party. Finally, separate trials must not be granted if doing so would violate the Seventh Amendment." *Houseman*, 171 F.3d at 1121 (internal citations omitted); *see also Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007) (same).

All three conditions are satisfied here. First, bifurcation would serve judicial economy and avoid possible prejudice to both parties. The training/orientation class consists of several thousand individuals, while the pre/post-shift work and uniform maintenance/cleaning claims are brought only on behalf of Hawkins and Wallace. 280 F.R.D. at 393. Given the relative stakes involved, it would be far better for a jury to focus exclusively on the training/orientation claim than to consider that claim along with the pre/post-shift work and uniform maintenance/cleaning claims. *See MacNeil Auto. Prods. Ltd. v. Cannon Auto. Ltd.*, 2013 WL 618159, at *1 (N.D. Ill.

Feb. 15, 2013) (in deciding whether to bifurcate, a court may consider "judicial efficiency" and "potential juror confusion") (internal quotation marks omitted). Second, bifurcation would not prejudice either side; to the contrary, bifurcation would serve both sides' interest by focusing the jury's attention on the claim that affects thousands of individuals and that involves the lion's share of the potential liability. Third, because the training/orientation claim will entail factual inquires distinct from those raised by the pre/post-shift work and uniform maintenance/cleaning claims, bifurcation would not violate the Seventh Amendment. *See Houseman*, 171 F.3d at 1126-27 (allowing bifurcation because the claims "involve distinct inquiries"); *In re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995) ("the judge must not divide issues between separate trials in such a way that the same issue is reexamined by different juries"); *EEOC v. Dial Corp.*, 156 F. Supp. 2d 926, 957 (N.D. Ill. 2001) (holding that bifurcation satisfied the Seventh Amendment where there was no "reexamination of factual issues" in the second trial) (internal quotation marks omitted).

Accordingly, the court first will try the training/orientation claim and then will try the pre/post-shift work and uniform cleaning/maintenance claims. *See Arreola v. Godinez*, 546 F.3d 788, 790-91 (7th Cir. 2008) ("the district court bifurcated the proceedings, severing Arreola's individual claims against Dr. Choudry from his class claims against Cook County"); *Cox v. City of Dallas*, 430 F.3d 734, 739 (5th Cir. 2005) ("the district court bifurcated the case for separate trials of the class claim ... and the non-class claims"); *Wilhoite v. Mo. Dep't of Soc. Servs. ex rel. Levy*, 2011 WL 1576384, at *2 (W.D. Mo. Apr. 26, 2011) ("the Court ... bifurcated the class action segment of the lawsuit from Plaintiff Wilhoite's individual claim"); *Cook v. Rockwell Int'l Corp.*, 273 F. Supp. 2d 1175, 1179 (D. Colo. 2003) ("The Property Class claims and

individual medical monitoring and other claims are bifurcated for trial, with the Property Class claims to be tried first."); *Bates v. UPS*, 204 F.R.D. 440, 449-50 (N.D. Cal. 2001) (bifurcating trial proceedings in which "[t]he first phase will address class liability" and the "second phase will address individual and class damages ... as well as Plaintiffs' two non-class claims").

March 21, 2013

_____
United States District Judge